DENNIS, Justice,
dissenting.
I respectfully dissent.'
The majority opinion’s interpretation of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) is wide of the mark. The United States Supreme Court in that case did not merely require that a trial judge, in accepting a guilty plea, ascertain that the defendant is acting voluntarily. That court required “an affirmative showing that [the guilty plea] was intelligent and voluntary.” 395 U.S. at 242, 89 S.Ct. at 1711.
The court clearly stated that “[a] plea of guilty is more than a confession which admits that the accused did various acts, it is itself a conviction.” 395 U.S. at 242, 89 S.Ct. at 1711. Since several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial, viz., the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one’s accusers, state courts cannot presume a waiver of these three important federal rights from a silent record. 395 U.S. at 243, 89 S.Ct. at 1712. The Supreme Court further clearly indicated that, in order to prevent any presumption of a waiver of these three important federal rights from a silent record, the trial judge should canvas the matter with the accused to make sure “he has a full understanding of what the plea connotes and of its consequences” and leave “a record adequate for any review that may be later sought.” 395 U.S. at 244, 89 S.Ct. at 1712.
This affirmative showing is particularly necessary in a case like the present where the defendant has a history of mental disorders, and where there is a real question as to whether he could understand the effects of his guilty plea.